## GORDON et v BARTLETT et

Ohio Appeals, 3rd Dist, Hardin Co

No 298.   Decided Aug 4, 1938

George E. Beach, Cleveland, Mahon & Mahon, Kenton, for appellants.

Cessna & Cessna, Kenton, E. B. Wetherill, Kenton, J. S. Grimes, for appellees.

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Hardin County, in an action wherein the appellants Rhoda Gordon, Howard Poe and Oscar Poe were plaintiffs and appellees James S. Bartlett and Donna Bartlett, husband and wife, The Federal Farm Mortgage Corporation, designated in the petition as the Federal Land Bank of Louisville, Kentucky, Lester McDaniel, treasurer of Hardin County, Ohio, Jason Poe, Lachia Street, John Foley and Bernard Foley, minor children of Miner Foley and Essie Foley, the latter deceased; and Charles Foley were defendants.

The plaintiffs Rhoda Gordon, Howard Poe and Oscar Poe are children and heirs at law of David Poe, a son of Andrew Poe who died testate in Hardin County, Ohio, on. or about the 26th day of April, 1905; and the defendants Jason Poe and Lachia Street are also children and heirs at law of said David Poe, deceased; the defendant Charles Foley is the widower of Essie Foley, deceased, one of the children and heirs at law of said David Poe, deceased; and John Foley and Bernard Foley are children and heirs at law of said Essie Foley, deceased.

The defendants James S. Bartlett and Donna Bartlett, husband and wife, are in possession of all the lands in controversy, claiming title thereto in fee simple absolute under mesne recorded conveyances to them from said David Poe, deceased. The defendant The Federal Farm Mortgage Corporation holds a mortgage on said premises executed to it by the said James S. Bartlett and Donna Bartlett, husband and wife. The defendant Lester McDaniel, treasurer of Hardin County, Ohio, has a lien on the premises in controversy for taxes.

The action is one for partition and equitable relief.

The following are the material facts in the case:

Andrew Poe had four sons, Douglas, David, William and Milton, and three daughters, Ann Hill, Geneva Neville and Sumantha Smith.

On September 17, 1896, said Andrew Poe made a will in which he made the following devises, among others, to-wit:

"I give and bequeath to my son, Douglas Coe, one hundred and three acres, described as follows:

"All of that portion of my home farm, consisting of two hundred acres, in §32, and three acres in §33, Roundhead Township, Hardin County, Ohio, which lies on the east side of the Lima and Bellefontaine Pike, and enough off of the south end of that portion of said farm lying west of said pike to make out his one hundred and three acres.

"The remaining one hundred acres of said farm, I give and devise to my son David

Poe during his natural life, and at his death said land to belong to his children."

The tract of one hundred acres devised to David Poe during his natural life and at his death to his children, is the tract in controversy in this action.

On the same day, September 17, 1896, testator executed a deed for 33.57 acres to his daughter Ann Hill, reserving to himself a life estate, which deed is recorded in Volume 99, page 321, Record of Deeds of Hardin County; and also on the same day he conveyed in fee to another daughter, Geneva Neville, 33.41 acres of land, the deed therefor being recorded in Volume 99 at page 323 of said records; on the same day another one hundred acres was granted by deed to Douglas Poe. On December 20, 1899, approximately three years later, testator made a deed to one hundred acres to David Poe which is recorded in Volume 99, page 322 of said records, the land conveyed by said deed being identical with the tract of land devised by said will to said David Poe during his natural life and at his death to his children. The premise and granting clause of the last mentioned deed was in the words and figures following, to-wit:

"Know All Men by These Presents, that I, Andrew Poe (widower) of Roundhead, Ohio, the grantor, for consideration of one dollar and natural love and affection received to my full satisfaction of David Poe, the grantee, do give, grant, bargain, sell and convey unto the said grantee, his heirs and assigns, the following described premises." * * *

The habendum clause is in the words and figures following, to-wit:

"To have and to hold the above granted and bargained premises with the appurtenances thereunto belonging, unto the said grantee during his natural life, his heirs and assigns forever."

The habendum clause, except the words "during his natural life" is in print, and the phrase "during his natural life" is in the handwriting of Albert M. Tidd a Justice of the Peace of Hardin County, Ohio, who prepared the deed.

The conveyances by deeds to the several children of the testator corresponded exactly with the several devises in the will except insofar as the deed last above mentioned may have the effect of conveying an estate in the land different from that devised to David Poe during his natural life and at his death to his children.

None of the deeds aforesaid were delivered by the testator to the grantees respectively but were handed by him to Judge Wentz, then probate judge of Hardin County, with instructions that they all be kept with the will in Judge Wentz's custody until the testator's death, and then to be handed to Douglas Poe, executor named in the will, and with further instructions to Douglas Poe, to then deliver such deeds to the persons named as grantees therein, respectively.

Andrew Poe died April 26, 1905, and the said will was probated and Douglas Poe appointed executor on May 4, 1905.

Judge Wentz had died previous to the death of Andrew Poe, and Douglas Poe secured said will and deeds from Judge Wentz's successor in office as probate judge, Judge Neely, and delivered them to the persons named grantees therein, respectively, and the same were filed for record with the recorder of Hardin County, on May 5, 1905.

The will was not contested and the administration of the estate of testator was concluded in the regular time and the personalty divided according to the will.

David Poe died on April 24, 1936.

James Bartlett and Donna Bartlett, husband and wife, are grantees in good faith and for value by mesne recorded conveyances made subsequent to the deed above mentioned, from David Poe of the land in controversy and are in the possession of the same without notice of any facts in any way relating to or affecting the title to said land except such constructive notice as they are chargeable with by reason of the record of the probate of said will, the record of the deed from Andrew Poe to David Poe, and the record of the chain of title from David Poe to them.

The Federal Farm Mortgage Corporation is a mortgagee in good faith and for value under recorded mortgage to it from James S. Bartlett and Donna Bartlett, husband and wife, of the land in controversy without notice of any facts in any way relating to or affecting the title to said lands except such constructive notice as it is chargeable with by reason of the record of the probate of the will, the record of the deed from Andrew Poe to David Poe and the record of the chain of title from David Poe to James S. Bartlett and Donna Bartlett, husband and wife.

On this state of facts the appellants make

the following claims as to the title to the premises in controversy:—

1. Under the will of Andrew Poe a life estate was devised to David Poe with remainder to his children, including the appellants, and the will was not altered or revoked by the deed subsequently executed by the testator to David Poe of the same premises.

2. The clause "during his natural life" inserted in the handwriting of the scrivener in the habendum clause of the deed from Andrew Poe to David Poe conflicts with the printed provisions of the granting and habendum clauses and prevails over such printed provisions and controls in the construction of the deed, hence the estate granted by the deed is limited to a life estate to David Poe.

3. There was no delivery of the deed by reason of the fact that Judge Wentz with whom the deed was placed in escrow by Andrew Poe, died before the delivery of the same and Judge Neeley who delivered the deed to Douglas Poe who in turn delivered it to David Poe, was without authority under the escrow to deliver the same and the deed consequently never became effective.

4. The delivery of the deed to Judge Wentz, Probate Judge, was in his official capacity, implying a reservation of right to recall in Andrew Poe and was therefore ineffective to transfer title.

These contentions will be considered in the order mentioned.

1. If the devise in the will of Andrew Poe to David Poe and his children was not rendered ineffective by the subsequent execution by the testator to David Poe of the deed for the same premises and the delivery of the same to Judge Wentz in escrow it would have operated upon the death of the testator, and probate, to have vested in David Poe an estate for life and in his children an estate in remainder in the premises in controversy.

Whether the devise in said will was rendered ineffective by the subsequent execution and delivery of the deed mentioned is to be determined from a consideration of the following provisions of the General Code:

"Sec 10504-47 GC. Will, how revoked. A will shall be revoked by the testator tearing, cancelling, obliterating or destroying it with the intention of revoking it, by the testator himself, or by some person in his presence, or by his express written direction, or by some other will or codicil, in writing, executed, as prescribed by this title, or by some other writing, signed, attested and subscribed, in the manner provided by this title for the making of a will, but nothing herein contained shall prevent the revocation implied by law, from subsequent changes in the condition or circumstances of the testator."

"Sec 10504-52 GC. If alteration is inconsistent.—But if the provisions of the instrument by which such alteration is made, are wholly inconsistent with the terms and nature of the previous devise or bequest, such instrument shall operate as a revocation thereof, unless the provisions depend on a condition or contingency, and such condition be not performed, or contingency does not happen."

These sections are simply a restatement of the common law rule that where a testator, subsequent to the execution of a will specifically devising lands, voluntarily conveys the land by an absolute conveyance, the will is revoked pro tanto. **41 O. J. 377.**

It will be noted that the provisions of **§10504-47,** GC apply exclusively to cases in which the estate or interest of the testator in property previously devised or bequeathed by him is altered, but not wholly divested, while the provisions of **§10504-52,** GC, apply exclusively to cases where the provisions of the instrument by which such alteration is made are wholly inconsistent with the terms and nature of the previous devise or bequest.

Whether there is a revocation in any case is therefore entirely dependent upon whether the provisions of the instrument by which the alteration is made are wholly inconsistent with the terms and nature of the previous devise or bequest.

While an instrument in writing such as a deed may have the effect, under the sections mentioned, of revoking a devise in a will it does not thereby become a will and subject to the rules of construction applicable to wills but retains its original character and if a deed, is subject to the rules of construction applicable to deeds.

Whether a deed in the instant case operated as a revocation of the devise in the will is therefore to be determined from the terms of the deed itself, applying the rules of construction applicable to deeds, and this question will be discussed in connection with the second contention of the appellants.

2. The general rule as to the effect to be given to written and printed ■■■■■ ed provisions of a contract is stated in **9 O. J. page 429, paragraph 200**, as follows:

"Where there is a conflict between any of the printed provisions of a contract and those inserted in writing at the time the contract is executed the latter will control."

It will be noted that the rule by its terms is applicable only to cases where a conflict exists.

In the instant case the granting clause is in the ordinary form used for the conveyance by a grantor to a grantee of an estate in fee simple absolute. The habendum clause is also in the ordinary form used in the conveyance of an estate in fee simple absolute except that the words "during his natural life", in the handwriting of the scrivener, are inserted after the words "unto the said grantee" and before the words "his heirs and assigns forever."

While the clause mentioned does not expressly use the word "remainder" as applicable to the estate "his heirs ■■■■■ and assigns" are to have and to hold yet as such clause provides that David Poe is to have and to hold an estate "during his natural life", which, if that were the only provision, would leave an estate in remainder undisposed of, and the clause "his heirs and assigns forever" immediately follows such provision, and such heirs being ascertainable only at the time of his death, the effect of the clause, applying the rule of construction that a deed is to be construed in such a way as to give effect to all its provisions, if it can be done by any reasonable interpretation, is the same as if the words "with remainder to" had been inserted in said clause preceding the words "his heirs and assigns forever."

Giving this effect to the provisions of the habendum clause brings it clearly within the rule in Shelley's Case, a statement of which approved by Chancellor Kent is as follows:

"When a person takes an estate of freehold, legally or equitably, under a deed, will or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate."

**36 O.J. page 599.**

This rule is a rule of property as applied to deeds in Ohio, and when the terms of a deed come within this rule, ■■■■■ the rule will prevail over the clear expressed intention of the grantor. **Kirby et v Brownlee et, 13 C. C. 86**, affirmed without opinion in **55 Oh St 676, The Connecticut Mutual Life Insurance Company v Skinner et, 4 C.C. 526**, affirmed by the Supreme Court, **30 Bulletin, page 307.**

Under this rule the habendum clause as well as the granting clause of the deed had the legal effect of conveying to David Poe an estate in fee simple absolute in the premises in controversy, and there being no conflict between the written and printed provisions thereof, the rule as to such conflict has no application to either of said clauses.

Reverting now to the first contention of appellants, the provisions of the deed from Andrew Poe to David Poe are, for the reasons above mentioned, wholly ■■■■■ inconsistent with the devise in the will of Andrew Poe, hence the deed, under the provisions of §10504-52, GC, supra, therefore operates as a revocation of said devise.

The first and second contentions of the appellants are therefore without merit.

3. The deed was deposited in escrow with Judge Wentz by the grantor David Poe, with instructions to deliver the same to Douglas Poe upon the death of the grantor, and with further instructions from the grantor to Douglas Poe, upon delivery being made to him, to deliver the same to the person named as grantee therein. Judge Wentz died before the grantor and the delivery of the deed was made by Judge Neeley, his successor in office, to Douglas Poe, who in turn delivered it to David Poe the grantee named therein, and it was then recorded.

Under the terms of the escrow no discretion as to the delivery of the deed was vested in Judge Wentz, and the rights of the grantor and grantee therein became fixed at the time of its deposit in escrow and the only thing left to be done was the manual act of delivering the deed upon the happening of the contingency mentioned.

So long as the deed was actually delivered upon the happening of the contingency mentioned, and not in violation of the terms of the escrow, it was immaterial whether the manual act of delivery was performed by the escrow agent, his personal representative, or, as in the instant case, by a stranger to the escrow, the delivery was in conformity with the terms of the escrow and was effective.

Furthermore, as to the appellees James S. Bartlett and Donna Bartlett, husband and wife, and the Federal Farm Mortgage Corporation, who stand in the position of bona fide purchasers and mortgagees for value of the real estate in controversy without notice of the facts relating to the delivery of the deed, the delivery of the deed is presumed from the record thereof.

The third contention of the appellants is therefore without merit.

4. The fourth contention of the appellants is that the delivery of the deed to Judge Wentz was in his official capacity, implying a reservation of right to recall in Andrew Poe and was therefore ineffective to transfer title.

While §§10504-6 to 10504-9, GC, inclusive, provide for the deposit of wills with a probate judge there is no statutory provision for or governing the deposit of deeds in escrow with a probate judge, and there being no such statutory provisions deposits of deeds in escrow can not be received by a probate judge in his official capacity, and in the absence of such statutory provisions there is no implied reservation in a person who deposits deeds in escrow with a person who is probate judge, to recall the same. The delivery of a deed as in the instant case to a third person to be delivered to grantee after grantor's death, without reservation of right to recall deed, effects complete transfer of title.

For the reasons mentioned the fourth contention of the appellants is without merit.

We further find from the evidence that the appellees James S. Bartlett and Donna Bartlett, husband and wife, are in the possession of and the owners in fee simple absolute of said real estate, and the appellee The Federal Farm Mortgage Corporation, is the owner and holder of a valid and subsisting mortgage from said James S. Bartlett and Donna Bartlett, therein, which is the first and best lien thereon except for taxes and assessments; and that none of the other parties to this action save and except the treasurer of Hardin County, who has a lien thereon for taxes and assessments and for no other purpose, have any right, title or interest in or claim or lien on said premises, or any part thereof, and that the appellees James S. Bartlett and Donna Bartlett and The Federal Farm Mortgage Corporation are entitled to have their title to said premises quieted as against all the other parties to said action, except as against the treasurer of Hardin County for any claim he may have for taxes and assessments against said premises, and judgment and decree will be entered accordingly at costs of plaintiffs-appellants.

The plaintiffs-appellants, pursuant to the provisions of §11470, GC, now §11421-2 GC, as construed in the case of Cleveland Produce Company v Dennert, 104 Oh St 149, with a view of excepting to the court's decision upon questions of law involved in the trial, having requested a written statement of the conclusions of fact, and having as an aid to the court submitted special written interrogatories for such purpose, it is ordered that counsel for the appellees James S. Bartlett and Donna Bartlett and the Federal Farm Mortgage Corporation within ten days after the announcement of the decision herein, and in accordance therewith and this opinion, prepare and file herein for submission to the court, answers to all said interrogatories as involve the ultimate facts of the controversy and as involve probative facts from which the ultimate facts may be inferred as a matter of law, and also the conclusions of law separately from such conclusions of fact, and at the time of filing furnished copies thereof to counsel for appellants who if they have any objections thereto shall within ten days after receipt of same prepare and file herein their objections thereto or their suggested answers to such interrogatories and their proposed findings of fact and conclusions of law, and the court will then upon consideration thereof settle said answers, findings of fact and conclusions of law.

CROW and KLINGER, JJ, concur.